# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYATTA WRIGHT, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-CV-00658 |
| v. | : | |
| | : | (Judge Rambo) |
| ELLIOTT DEFRANCESCO, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff Kenyatta Wright, an inmate currently confined at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"), filed this civil action pursuant to 42 U.S.C. § 1983 on March 23, 2018. (Doc. No. 1.) Plaintiff has also filed two motions for leave to proceed in forma pauperis. (Doc. Nos. 2, 6). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform its mandatory screening of the complaint, grant Plaintiff's motions for leave to proceed in forma pauperis and dismiss the complaint.

**I.    BACKGROUND**

Plaintiff alleges that on June 6, 2017, he was arrested for possession with the intent to manufacture or deliver and on September 7, 2017, sentenced to nine to twenty-three months imprisonment. (Doc. No. 1 at 3.) Plaintiff claims that he was taken from the Dauphin County Prison to SCI-Camp Hill where he served fifty-three (53) days past his maximum sentence date. (Id. at 3-4.) Plaintiff requests

1

$1,500 for every day he is incarcerated past his maximum sentence date and reimbursement for funds expended while incarcerated. (Id. at 5-6.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No.

15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B

4

Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

Plaintiff appears to be attacking the duration of his current Pennsylvania state incarceration. (Doc. No. 1 at 3.) Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975); Telford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993), cert. denied 510 U.S. 920 (1993). Federal habeas corpus review is the appropriate remedy when "the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (providing that federal

habeas corpus review allows a prisoner "to challenge the 'execution' of his sentence.").

Likewise, a civil rights claim for declaratory relief "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. Edwards v. Balisok, 520 U.S. 641, 646 (1997); Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus). Consequently, to the extent that Plaintiff is seeking his release from imprisonment or challenging the length of his confinement, such requests for relief are not properly asserted in a civil rights complaint. See George v. Pa. Bd. of Prob. & Parole, Civ. No. 14-25, 2014 WL 1653212, at *2 (M.D. Pa. Apr. 24, 2014).

With regards to Plaintiff's claim for monetary damages, the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994), ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87; see also Tayler v. Sanders, Civ. No. 11-

1291, 2012 WL 4104871, at *8 (M.D. Pa. Sept. 18, 2012) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) ("'[A] state prisoner's § 1983 action is barred (absent prior invalidation – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'")

Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement. There is no indication that Plaintiff has successfully challenged his alleged improper detention. Consequently, this claim is Heck-barred and will be dismissed.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will not be permitted to file an amended complaint because any amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 106 (3d Cir. 2002). An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: May 2, 2018